1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon East Dykens, | No. CV-18-08330-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Defendant Commissioner of Social Security Administration's (the "Administration") Motion to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction. (Doc. 10). Plaintiff Brandon Dykens ("Plaintiff") has responded (Doc. 13), Defendant has not replied. The Court now rules on the motion.

**I.    Background**

Plaintiff filed for Social Security benefits under both Title II and Title XVI on August 1, 2017. (Doc. 10-1 at 3). The Administration, on October 14, 2017, denied both claims. (*Id.* at 4, 8). Plaintiff requested a reconsideration, but the Administration denied his claims again on January 11, 2018. (*Id.* at 12).

Some five months later, on June 20, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), attributing his delayed request to the fact that he never "received any decision letter or correspondence" from the Administration related to his request for reconsideration. (*Id.* at 19–20). On July 11, 2018, an ALJ dismissed the request

as untimely without good cause to extend the sixty-day regulatory deadline for hearing requests. (*Id.* at 22, 26). Plaintiff sought the Appeals Council's review of the ALJ's dismissal on September 7, 2018, but the Appeals Council denied review on September 27, 2018. (*Id.* at 36–38).

Plaintiff then filed a complaint in this Court on November 11, 2018, claiming the ALJ denied him due process by refusing to hold a hearing on whether good cause existed to extend the sixty-day regulatory deadline or, at the least, to "consider any evidence that would refute Plaintiff's evidence of good cause, particularly when the unrefuted evidence establishe[d] that the original notice of denial of [his] claim was never received." (Doc. 1 at 4-5). Plaintiff seeks either reversal of the ALJ's dismissal or a remand for a hearing on the issue of good cause. (*Id.* at 5).

## II. Discussion

### a. Legal Standard

"Federal courts are courts of limited jurisdiction," possessing only those powers that the Constitution or statutes grant to them. *Kokkonen v. Guardian Life Ins. Co. of Am.* 511 U.S. 375, 377 (1994). As such, under Rule 12(b)(1), a court must dismiss a claim it lacks subject matter jurisdiction to decide. Fed. R. Civ. P. 12(b)(1). When resolving a Rule 12(b)(1) motion, courts "may review any evidence to resolve factual disputes concerning the existence of jurisdiction." *Milsap v. Social Sec. Admin*, No. CV 10-1757-PHX-JAT, 2011 WL 2135079, at *2 (D. Ariz. May 31, 2011). Because a federal court "presume[s] a cause lies outside [its] limited jurisdiction, . . . the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Given that "[s]overeign immunity is jurisdictional in nature," *id.*, a court's jurisdiction to decide suits brought against the Federal Government is limited to "the terms of its consent to be sued," *United States v. Sherwood*, 312 U.S. 584, 586 (1941). For claims arising under the Social Security Act, 42 U.S.C. § 405(g) provides the sole avenue for judicial review, *see*

42 U.S.C. § 405(h), allowing unsuccessful claimants to seek review of "any final decision of the [Administration] made after a hearing . . . within sixty days after the mailing to him of notice of such decision," 42 U.S.C. § 405(g). The Social Security Act does not define the term "final decision;" instead, the Administration fleshes out its meaning by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

Those regulations require claimants to proceed through a four-step administrative review process before any decision becomes "final":

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

*Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (citing 20 C.F.R. § 416.1400). Claimants seeking successive stages of review face regulatory deadlines, including, as relevant here, sixty days to request a hearing from an ALJ following reconsideration. *See* 20 C.F.R. § 416.1433(b). Although claimants who miss this deadline may request an extension for good cause, 20 C.F.R. § 416.1433(c); *see also* 20 C.F.R. § 416.1411 (explaining the Administration's standards for good cause), "[b]ecause the [Administration's] decision whether, for good cause shown, to entertain an untimely hearing request . . . is strictly discretionary, it is not final and thus not generally reviewable by a district court," *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (citations omitted); *see also Peterson v. Califano*, 631 F.2d 628, 630–31 (9th Cir. 1980) (holding that judicial review is available under § 405(g) only after a statutorily mandated hearing takes place (first citing *Califano v. Sanders*, 430 U.S. 99, 108 (1977), and then citing *Cappadora v. Celebrezze*, 356 F.2d 1, 4–5 (2d Cir. 1966)).[1]

---

[1] The Court notes that dicta in *Smith*, rebuffs the notion that § 405(g) authorizes judicial review only after a statutorily mandated hearing has taken place. *See Smith*, 139 S. Ct. at 1774, 1777. But the claimant in *Smith* had, in fact, "obtained the kind of hearing that § 405(g) most naturally suggests: an ALJ hearing on the merits," *id.* at 1775, and the Supreme Court made clear that its opinion did not address a factual scenario like this case, where a claimant "whose request for an ALJ hearing [is] dismissed as untimely and who then appealed that determination to the Appeals Council before seeking judicial review." *Id.* at 1777 n.17. Thus, although *Smith* might call into question the rationale of *Dexter v. Colvin*,

A limited exception exists, however, for "any colorable constitutional claim of due process violation that implicates a due process right to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001). A constitutional claim is colorable if it is not "wholly insubstantial, immaterial, or frivolous." *Id.* (quoting *Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985)). To meet this test, a claimant cannot rely on "mere allegation[s]," but must instead support his claim with "facts sufficient to state a violation of substantive or procedural due process." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (quoting *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000)).

**b. Jurisdiction**

Because the ALJ dismissed Plaintiff's request for a hearing as untimely, an inherently discretionary determination, the Court has no jurisdiction unless he has stated a colorable constitutional claim of a due process violation. *See Dexter*, 731 F.3d at 979–80.

The Court first rejects Plaintiff's general contention that due process entitled him "to a hearing on the question whether he received notice of the denial letter." (Doc. 1 at 4). As the Ninth Circuit explained in *Dexter*, an ALJ need not hold a hearing on the issue of good cause prior to denying an untimely request for a hearing, the ALJ need only consider a claimant's evidence of "potentially valid reasons for [the] delay" and offer "some explanation . . . of why . . . [those reasons] are rejected" to comport with the dictates of due process. *Id.* at 980–81; *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985) ("[A] claimant is not entitled to a hearing where she has failed to [timely] seek reconsideration . . . unless she can prove 'good cause' for missing the deadline." (citation omitted)).

Plaintiff maintains that, by failing to "consider any evidence that would refute the [his] evidence of good cause," (Doc. 1 at 4), the ALJ failed to satisfy even this requirement of due process. Plaintiff thus advances a similar argument to the claimant in *Dexter* which held that a claimant states a colorable due process claim if the ALJ failed to address "facially legitimate reason[s] that constitute[] good cause under the [Administration's]

in the absence of binding authority to the contrary, the Court will continue to apply binding Ninth Circuit precedent.

- 4 -

regulations." 731 F.3d at 980–81.

Although the Administration's regulations provide that "good cause may exist" if a claimant "did not receive notice of the initial determination or decision," 20 C.F.R. § 416.1411(b)(7), Plaintiff has not stated a colorable constitutional claim because—unlike *Dexter*—the ALJ's order sufficiently addressed his proffered reason for good cause.

The ALJ first noted that Plaintiff's representative claimed neither he nor Plaintiff ever received notice of the reconsideration decision. (Doc. 10-1 at 25). But the ALJ also explained that, under 20 C.F.R. § 416.1401, the Administration presumes that claimants receive notice five days after it is dated, absent a contrary showing. (*Id.* at 25). The ALJ found Plaintiff had made no such showing, stating that "[n]one of the reconsideration determination notices were returned . . . as undeliverable" and "[s]ystems information available to the . . . Administration confirms that the notice was sent to the claimant and representative's current mailing address and neither have submitted a change in address." (*Id.* at 26). Thus, unlike the ALJ in *Dexter*, the ALJ here clearly considered and rejected Plaintiff's excuse for his five-month-long delay. Because the ALJ addressed Plaintiff's ground for good cause, Plaintiff fails to state a colorable due process claim. *See Dexter*, 731 F.3d at 980, 982 (stating that the ALJ did not even knowledge two reasons for a delayed request "notwithstanding that . . . regulations list them as '[e]xamples of circumstances where good cause may exist' (citation omitted)); *Munson v. Berryhill*, No. C16-5737-TSZ, 2017 WL 3225499, at *3 (W.D. Wash. July 31, 2017) (stating that claimant had no colorable claim on this basis); *see also Alatriste v. Berryhill*, No. CV 17-4327 SS, 2017 WL 8186753, at * 6 (C.D. Cal. Dec. 7, 2017) (remanding to Administration when it failed to "provide any explanation as to which specific factors the ALJ considered, or why the facts in Plaintiff's case did not rise to the level of good cause"); *Hunnicutt-Lott v. Colvin*, No.12cv2741 AJB (KSC), 2014 WL 11281, at *7 (S.D. Cal. Mar. 20, 2014) (remanding to Administration when reasons for good cause were not even mentioned by order of dismissal). Accordingly, Plaintiff has not carried his burden to establish the Court has subject matter jurisdiction over his claim.

### III. Conclusion

For these reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 10) is **GRANTED**. The Clerk of the Court shall enter judgment accordingly.

Dated this 18th day of September, 2019.

James A. Teilborg
Senior United States District Judge